UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

In re WAYFAIR INC. Securities Litigation

This Document Relates To:
ALL ACTIONS.

Civil Action No. 1:19-cv-10062-DPW

**DEFENDANTS' ASSENTED-TO MOTION FOR LEAVE TO FILE
REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

Defendants Wayfair Inc., Niraj Shah, Steven K. Conine, and Michael D. Fleisher (the "Defendants") hereby move, with the consent of Lead Plaintiff Iain Kaplan ("Plaintiff"), pursuant to Local Rule 7.1(b)(3) for leave of Court to file a reply brief in support of their Motion to Dismiss the Amended Complaint, not to exceed 10 pages, on or before the 30th day following an order of the Court granting Defendants such leave to file.

1.      On April 8, 2019, Plaintiff and Defendants submitted a joint stipulation and proposed scheduling order for the filing of Plaintiff's Amended Complaint and Defendants' anticipated Motion to Dismiss.  (ECF No. 19).  The parties jointly agreed to preemptively request leave of Court for Defendants to submit a reply brief in support of their Motion to Dismiss within 30 days of the filing of Plaintiff's Opposition to Defendants' Motion to Dismiss.  (*Id.* at 3).

2.      On April 30, 2019, the Court entered a Scheduling Order adopting the parties' proposed schedule for the filing of Plaintiff's Amended Complaint and Defendants' anticipated Motion to Dismiss.  (ECF No. 20).  However, the scheduling order provided that "[i]f [Plaintiff] files a brief opposing Defendants' motion to dismiss, Defendants may be granted, upon motion, leave to file a reply brief pursuant to Local Rule 7.1(b)(3) after demonstrating that such reply brief is not redundant of their brief in support of their motion to dismiss and addresses only

matters raised in [Plaintiff's] opposition which were not reasonably foreseeable when their initial brief in support of their motion to dismiss was filed." (*Id.* at 3).

3.      On August 29, 2019, the Court granted the parties' joint motion to exceed by 5 pages the 20-page limit under Local Rule 7.1(b)(4) for Defendants' Motion to Dismiss and Plaintiff's Opposition to Defendants' Motion to Dismiss.  (ECF No. 23).

4.      On August 30, 2019, Defendants filed their Motion to Dismiss ("MTD"), moving to dismiss with prejudice each claim in the Amended Complaint against all Defendants on multiple grounds, including that the Amended Complaint fails to allege a strong inference of scienter, an actionable misrepresentation or omission, and loss causation.  (ECF Nos. 24, 25).

5.      On October 11, 2019, Plaintiff filed his Opposition to Defendants' Motion to Dismiss ("Opposition" or "Opp.").  (ECF No. 27).

6.      Defendants respectfully submit that Plaintiff's Opposition raises several arguments that were not reasonably foreseeable when Defendants filed their Motion to Dismiss, including arguments based on non-First Circuit precedent that is not cited in Defendants' Motion to Dismiss.

7.      For example, citing Ninth Circuit caselaw, the Opposition contends that Defendants' citations to judicially noticeable SEC filings and transcripts incorporated by reference in the Amended Complaint amount to an "improper counter narrative," and that the Court's consideration of such records is "improper at the pleading stage." (*Id.* at 1, 6 & n.3, 20 & n.15).

8.      The Opposition also argues that the Amended Complaint adequately pleads an actionable misrepresentation and/or omission because, *inter alia*: Defendants' non-actionable puffery and opinion arguments raise questions of fact regarding materiality and constitute an

improper "truth on the market" defense (*Id.* at 6-8, 10, citing Second Circuit caselaw); and

Defendants' forward-looking statements argument is inapplicable because the alleged

misrepresentations were neither forward-looking nor accompanied by "meaningful" cautionary

language (*Id.* at 13-14, citing Second Circuit caselaw).

9.      The Opposition also contends that the Amended Complaint adequately pleads a

strong inference of scienter because, *inter alia*: Defendants issued repeated statements about

advertising leverage (*Id.* at 16-17 & n.9, citing caselaw from, among other districts, W.D. Wash.,

and E.D. Va.); the Class Period is short in duration (*Id.* at 18 & n.11, citing Ninth Circuit

caselaw); that advertising leverage related to Wayfair's "core operations" (*Id.* at 20 & n.14,

citing S.D.N.Y. caselaw); and, that Defendants' argument that each Defendant either increased

or retained 98% of their Wayfair stock holdings and executed every stock sale on a non-

discretionary basis raises an "affirmative defense" that is Defendants' burden to prove (*Id.* at 20-

22, citing Fifth Circuit caselaw).

Accordingly, with the consent of Plaintiff and consistent with the parties' previously

submitted stipulated briefing schedule, Defendants respectfully request leave to file a reply brief

in support of their Motion to Dismiss not to exceed 10 pages, on or before the 30th day following

an order of the Court granting Defendants such leave to file.

Dated: October 17, 2019                          Respectfully submitted,


                                                 WAYFAIR INC., NIRAJ SHAH, STEVEN K.
                                                 CONINE, and MICHAEL D. FLEISHER


                                                 By their attorneys,

                                                 /s/ Caroline H. Bullerjahn
                                                 Roberto M. Braceras (BBO # 566816)
                                                 Caroline H. Bullerjahn (BBO # 657241)

Ian Stearns (BBO # 693374)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
Tel.: 617.570.1000
Fax: 617.523.1231
rbraceras@goodwinlaw.com
cbullerjahn@goodwinlaw.com
istearns@goodwinlaw.com

*Counsel for Defendants*

4

LOCAL RULE 7.1(a)(2) CERTIFICATION AND CERTIFICATE OF SERVICE

I, Caroline H. Bullerjahn, hereby certify that counsel for Defendants contacted counsel for Plaintiff regarding the relief requested in the foregoing Motion.  Counsel for Plaintiff assents to the requested relief.

I further certify that a copy of the foregoing Motion, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on October 17, 2019.

/s/ Caroline H. Bullerjahn