UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

In re WAYFAIR INC. Securities Litigation

This Document Relates To:
ALL ACTIONS.

Civil Action No. 1:19-cv-10062-DPW

## NOTICE OF SUPPLEMENTAL AUTHORITY
## IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendants Wayfair Inc., Niraj Shah, Steven K. Conine, and Michael D. Fleisher ("Defendants") respectfully submit this notice of supplemental authority in further support of Defendants' motion to dismiss the Amended Complaint, which is scheduled for oral argument on April 29, 2020.[1]

Defendants submit this notice of supplemental authority to bring to the Court's attention three decisions in the First Circuit and the District of Massachusetts dismissing (or affirming dismissal of) securities class actions, all of which were decided since Defendants' motion to dismiss was fully briefed:

(1) *Mehta v. Ocular Therapeutix, Inc.*, -- F.3d --, 2020 WL 1808366 (1st Cir. Apr. 9, 2020) ("*Ocular*", attached hereto as Exhibit A);

(2) *Leavitt v. Alnylam Pharm., Inc.*, -- F. Supp. 3d --, 2020 WL 1332862 (D. Mass. Mar. 23, 2020) (Gorton, J.) ("*Alnylam*", attached hereto as Exhibit B); and

(3) *LSI Design & Integration Corp. v. Tesaro, Inc.*, 2019 WL 5967994 (D. Mass. Nov. 13, 2019) (Sorokin, J.) ("*Tesaro*", attached hereto as Exhibit C).

---

[1] *See* Defendants' Motion to Dismiss the Consolidated Amended Complaint (ECF No. 24); Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss the Consolidated Amended Complaint (ECF No. 25, "Defs.' Br."); Lead Plaintiff's Opposition to Defendants' Motion to Dismiss the Consolidated Complaint (ECF No. 27, "Pl.'s Opp. Br."); and Defendants' Memorandum of Law in Further Support of Defendants' Motion to Dismiss the Consolidated Amended Complaint (ECF No. 30, "Defs.' Reply Br.").

In *Ocular*, the First Circuit affirmed dismissal of the plaintiff's claims for failure to plead a strong inference of scienter. *Compare Ocular*, 2020 WL 1808366, at *9-12, *with* Defs.' Br. at 10-19. Reiterating First Circuit precedent cited in Defendants' opening and reply briefs (*see* Defs.' Br. at 10-11; Defs.' Reply Br. at 5), the court explained that it typically has "found th[e] demanding [scienter] standard met where a complaint 'contains clear allegations of admissions, internal records or witnessed discussions suggesting that at the time they made the statements claimed to be misleading, the defendant[s] were aware that they were withholding vital information'"—the precise type of particularized allegations that are absent from the Amended Complaint here. *See Ocular*, 2020 WL 1808366, at *8 (quoting *Brennan v. Zafgen, Inc.*, 853 F.3d 606, 614 (1st Cir. 2017) and *In re Bos. Sci. Corp. Sec. Litig.*, 686 F.3d 21, 31 (1st Cir. 2012)). The First Circuit also held that the Private Securities Litigation Reform Act of 1995 ("PSLRA") and Supreme Court precedent require that, at the motion-to-dismiss stage, courts consider "competing inferences rationally drawn from the facts alleged," *id.* at *9 (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007)), an inquiry that Plaintiff here declares "improper" in its opposition. *Compare* Pl.'s Opp. Br. at 22, *with* Defs.' Reply Br. at 2, 8. Finally, collecting First Circuit precedent also cited in Defendants' opening and reply briefs (*see* Defs.' Br. at 9-10, 16-18; Defs.' Reply Br. at 4-5, 9), the *Ocular* Court held that "informative disclosures about [a disclosed risk that came to fruition] undercut any inference that defendants intentionally or recklessly misled investors." *Ocular*, 2020 WL 1808366, at *10 (quoting *Fire & Police Pension Ass'n of Colo. v. Abiomed, Inc.*, 778 F.3d 228, 243-44 (1st Cir. 2015)).

In *Alnylam*, Judge Gorton held that the plaintiff failed to allege a strong inference of scienter based on, among other allegations, the defendants' class period sales of company stock.

2

*Compare Alnylam*, 2020 WL 1332862, at *8-9, *with* Defs.' Br. at 15-17.  Relying on precedent

that Defendants cited in their briefing (*see* Defs.' Br. at 15-16), the court reiterated that "to

support an inference of scienter, the trading must be 'unusual, well beyond the normal patterns of

trading by those defendants,'" *Alnylam*, 2020 WL 1332862, at *8 (quoting *Greebel v. FTP

Software, Inc.*, 194 F.3d 185, 198 (1st Cir. 1999)), and that the plaintiff "bears the burden of

showing that insider sales were suspicious and **must** provide a complete picture of the

defendant's trading, **both before and after the class period**."  *Id.* (citing *Lenartz v. Am.

Superconductor Corp.*, 879 F. Supp. 2d 167, 186 (D. Mass. 2012)) (emphasis added).  Because

the plaintiff in *Alnylam*—like Plaintiff here—failed to plead the "necessary evidence or context

surrounding the trades," including "the percentage of the holdings of each defendant that were

sold during the Class Period," the fact that four individual defendants sold a total of $66 million

in stock during the class period did not give rise to a strong inference of scienter.  *Compare id.*,

*with* Amended Complaint ¶¶ 10, 51, 100 (alleging that Defendants sold $69 million of stock

during the Class Period without providing (1) "the percentage of the holdings of each

[D]efendant that were sold" or (2) a "complete picture" of Defendants' trading, "both before and

after the [C]lass [P]eriod").  The court also held that the fact that a defendant "acquired more

stock than she sold during the Class Period," as Mr. Fleisher did here, negated an inference of

scienter.  *Compare Alnylam*, 2020 WL 1332862, at *8, *with* Defs.' Br. at 16 (all Defendants

retained at least 98% of their Wayfair holdings, and "Mr. Fleisher **increased** his Wayfair

holdings during the Class Period by 22%.") (emphasis in original).  And finally—as here—the

fact that "trading was pre-scheduled pursuant to Rule 10b-5 trading plans negate[d] an inference

of scienter."  *Alnylam*, 2020 WL 1332862, at *9; *see* Defs.' Br. at 17 ("Every single Class Period

3

sale by each Defendant was" either "pursuant to pre-existing Rule 10b5-1 trading plans" or otherwise "non-discretionary."); Defs.' Reply Br. at 4 (citing same precedent as *Alnylam*).

In *Tesaro*, Judge Sorokin held that the plaintiff failed to allege any false or misleading statements. *Compare Tesaro*, 2019 WL 5967994, at *4-5,[2] *with* Defs.' Br. at 19-24, *and* Defs.' Reply Br. at 9-10. Contradicting Plaintiff's assertion here that dismissal of non-actionable puffery has "gone the way of the dodo" (Pl.'s Opp. Br. at 7), the court held that the statement that Tesaro was "'well positioned to take this forward' is precisely the type of statement of corporate optimism that ***courts routinely*** deem immaterial as a matter of law." *Tesaro*, 2019 WL 5967994, at *5 (collecting cases) (emphasis added); *see also* Defs.' Reply Br. at 10 (collecting recent cases). Here, the Amended Complaint rests principally on alleged misstatements that, as in *Tesaro*, are non-actionable corporate puffery. *See, e.g.*, Amended Complaint ¶ 59 ("We are delighted with the progress we are making . . .").[3] Finally, explaining that "statement[s] of future economic performance"—which the Amended Complaint is rife with here[4]—"fall[] squarely within the PSLRA's statutory safe harbor," Judge Sorokin concluded that "at least two of the three potential alternatives for safe harbor protection are plainly met." *Compare Tesaro*, 2019 WL 5967994, at *5, *with* Defs.' Br. at 20-22, *and* Defs.' Reply Br. at 10.

---

[2] Independently, the court held that the plaintiff failed to allege particularized facts necessary to support a strong inference of scienter. *Id.* at *6.

[3] *See also* Amended Complaint ¶¶ 61, 62, 63, 65, 67, 68, 69.

[4] *See, e.g.*, Amended Complaint ¶ 60 ("[W]e forecast margins of negative 3.7% to negative 4% for Q3 2018."); *see also* Amended Complaint ¶¶ 61, 64, 68, 69.

Dated: April 21, 2020                    Respectfully submitted,

                                         WAYFAIR INC., NIRAJ SHAH, STEVEN K.
                                         CONINE, and MICHAEL D. FLEISHER

                                         By their attorneys,

                                         /s/ Roberto M. Braceras
                                         Roberto M. Braceras (BBO # 566816)
                                         Caroline H. Bullerjahn (BBO # 657241)
                                         Ian Stearns (BBO # 693374)
                                         GOODWIN PROCTER LLP
                                         100 Northern Avenue
                                         Boston, MA 02210
                                         Tel.: 617.570.1000
                                         Fax: 617.523.1231
                                         rbraceras@goodwinlaw.com
                                         cbullerjahn@goodwinlaw.com
                                         istearns@goodwinlaw.com


## CERTIFICATE OF SERVICE

I, Roberto M. Braceras, hereby certify a copy of the foregoing Notice of Supplemental Authority, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: April 21, 2020                    /s/ Roberto M. Braceras
                                         Roberto M. Braceras


5